IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

GARY DEWAYNE ALLEN                                                   PLAINTIFF

VS.                                                                      CIVIL ACTION NO. 2:11cv209-MTP

DR. RON WOODALL, ET AL.                                          DEFENDANTS

## OPINION AND ORDER

THIS MATTER is before the court on the Motions for Summary Judgment [53][56] filed by the Defendants. Having reviewed the submissions of the parties and the applicable law, the court finds that the Defendants' Motions for Summary Judgment [53][56] should be granted.

FACTUAL BACKGROUND

Plaintiff Gary Dewayne Allen, proceeding *pro se* and *in forma pauperis*, filed his Complaint [1] pursuant to 42 U.S.C. § 1983 on October 14, 2011. Through his complaint, and as clarified during his *Spears*[1] hearing, Plaintiff alleges claims against Defendants Dr. Ron Woodall, Wexford Health Sources, Inc. ("Wexford"), Mike Hatten, and Gloria Perry for the denial and/or delay of adequate medical treatment in violation of the Eighth Amendment. *See* Omnibus Order [46].[2] The allegations in Plaintiff's complaint occurred while he was a post-conviction inmate at the South Mississippi Correctional Institution ("SMCI"), where he is currently incarcerated. Plaintiff seeks monetary damages, proper medical treatment for his

---

[1]*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Plaintiff's *Spears* hearing took place on March 22, 2012. *See* Omnibus Transcript, Ex. D to Motion [56-4].

[2]Plaintiff's claims against Christopher Epps were dismissed by Order [46] dated March 26, 2012.

1

conditions, and complete knee replacement surgery for his right knee.

## STANDARD FOR SUMMARY JUDGMENT

This court may grant summary judgment only if, viewing the facts in a light most favorable to the Plaintiff, the Defendants demonstrate that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995). If the Defendants fail to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied. *John v. Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a question of law that this court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *John*, 757 F.2d at 708, 712.

There must, however, be adequate proof in the record showing a real controversy regarding material facts. "Conclusory allegations," *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 902 (1990), the presence of a "scintilla of evidence," *Davis v. Chevron U.S.A.*, *Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994), or unsubstantiated assertions, *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994), are not enough to create a real controversy regarding material facts. In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (emphasis omitted).

## ANALYSIS

Plaintiff's claims are before the court pursuant to 42 U.S.C. § 1983. However, Section 1983 "neither provides a general remedy for the alleged torts of state officials nor opens the

federal courthouse doors to relieve the complaints of all who suffer injury at the hands of the state or its officers." *White v. Thomas*, 660 F.2d 680, 683 (5th Cir.1981). Rather, "[i]t affords a remedy only to those who suffer, as a result of state action, deprivation of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *White*, 660 F.2d at 683 (quoting 42 U.S.C. § 1983).

Moreover, "[f]or purposes of liability, a suit against a public official in his official capacity is in effect a suit against the local government entity he represents." *Mairena v. Foti*, 816 F.2d 1061, 1064 (5th Cir. 1987) (citations omitted). The Supreme Court has held that in order for a local governmental entity to have liability under Section 1983, a plaintiff must prove that a policy, custom or practice of that local government entity was the "moving force" behind the constitutional violation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

Plaintiff alleges a claim against Defendants Dr. Ron Woodall, Wexford, Gloria Perry, and Mike Hatten for the denial and/or delay of adequate medical treatment in violation of the Eighth Amendment. Specifically, he claims that Dr. Woodall failed to refer him to Dr. Johansen (an outside provider) for knee surgery stemming from an injury he received in January 2004, prior to his incarceration. He further claims that Dr. Woodall lied about his MRI results, that the medication he prescribes him for his knee causes liver damage, and that he is giving him the wrong medication for his prostate problem. *See* Ex. D to Motion [56-4].

Plaintiff alleges he sued Wexford because it is Dr. Woodall's employer and it is responsible for Dr. Woodall's actions. Plaintiff alleges that Gloria Perry "upholds" Dr. Woodall's opinions and allows him to "falsify" medical records and deny inmates medical care. Plaintiff claims that Mike Hatten "upholds" Dr. Woodall's opinions even though he knows Dr.

Woodall "falsified" Plaintiff's medical records.

### *Res Judicata*

As an initial matter, Defendants Dr. Woodall and Wexford argue that Plaintiff's claim that Dr. Woodall denied him surgery for his knee has already been brought before the court and dismissed, and thus, is barred by *res judicata*. *See* Memo. [57]; Exs. A-C to Motion [56]. The record reflects that Plaintiff's knee was injured in January 2004, prior to his incarceration,[3] and he was treated by Dr. Lance Johnansen. On March 24, 2004, Dr. Johansen performed a video arthroscopy surgery, debridement of medial joint space, and debridement of patellofemoral joint. Ex. D to Motion [56-4]; Ex. E [60-1] at 37-48.

In the prior action, Plaintiff complained that prison officials, including Dr. Woodall, refused to allow him to continue treatment with Dr. Johansen for necessary knee replacement surgery regarding the same knee injury from 2004. Plaintiff conceded that defendants offered to take him to Jackson, Mississippi for the knee surgery at the State's expense, but he refused this course of treatment. In an order dated October 30, 2009, U.S. Magistrate Judge Robert Walker dismissed Plaintiff's lawsuit for failing to state a claim against any of the defendants for inadequate medical care. *See Allen v. Gunn*, No. 1:08CV393–RHW, 2009 WL 3561541, at *1 (S.D. Miss. Oct. 30, 2009).

In the Fifth Circuit, "an action is barred by the doctrine of *res judicata* if: 1) the parties are identical in both actions; 2) the prior judgment was rendered by a court of competent jurisdiction; 3) the prior judgment was final on the merits; and 4) the cases involve the same

---

[3]Plaintiff entered MDOC custody on approximately May 3, 2004. *See* http://www.mdoc.state.ms.us/InmateDetails.asp?PassedId=103328 (last visited December 19, 2012).

4

cause of action." *Travelers Ins. Co. v. St. Jude Hosp. of Kenner, La., Inc.*, 37 F.3d 193, 195 (5th Cir. 1994). Both the current action and the prior action referenced above include Dr. Ron Woodall and the judgment in the prior action was rendered by a court of competent jurisdiction. The prior final judgment was also based on the merits. Finally, the cases involve the same cause of action based on the same nucleus of operative facts: deliberate indifference to a serious medical need regarding the denial of surgery or proper treatment for Plaintiff's knee. *Id.*

Based on the foregoing, the court will not consider any claim by Plaintiff that Dr. Woodall failed to approve or refer him for knee surgery prior to October 30, 2009 (the date of the prior judgment), as such claims are barred by *res judicata*. Plaintiff appears to clarify in his Responses [62][63] that his claims regarding his knee in this action center around Dr. Woodall's alleged tampering of an MRI record taken on May 5, 2011.

Denial and/or Delay of Adequate Medical Treatment

"Prison officials violate the constitutional proscription against cruel and unusual punishment when they are deliberately indifferent to a prisoner's serious medical needs, as doing so constitutes unnecessary and wanton infliction of pain." *Davidson v. Texas Dep't of Criminal Justice*, 91 F. App'x 963, 964 (5th Cir. 2004) (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). Deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quoting *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)). The test for establishing deliberate indifference is "one of subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

A prison official may not be held liable under this standard pursuant to Section 1983 unless the plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts

5

from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Farmer*, 511 U.S. at 838. Plaintiff must "submit evidence that prison officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any other similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Davidson*, 91 F. App'x at 965 (quoting *Domino*, 239 F.3d at 756). "[D]elay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which results in substantial harm." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 333-34 (1986). The Plaintiff is not entitled to the "best" medical treatment available. *McMahon v. Beard*, 583 F.2d 172, 174 (5th Cir. 1978); *Irby v. Cole*, No. 4:03cv141-WHB-JCS, 2006 WL 2827551, at *7 (S.D. Miss. Sept. 25, 2006). Further, a prisoner's "disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs." *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 2001).

The record reflects that an x-ray of Plaintiff's right knee was taken on July 1, 2010.[4] There was no fracture or significant arthritic change. *See* Ex. E [60] at 248. Plaintiff was given a knee brace in November 2010. *See* Ex. E [60] at 235-36.

Dr. Gloria Perry sent Plaintiff to Forrest General to get an MRI of his right knee on May 5, 2011. The radiologist's impression was: "only mild degenerative signal characterization of the posterior horn of the medial meniscus with no acute findings identified." *See* Ex. E [60] at

---

[4]This is the first record before the court regarding Plaintiff's knee after the final judgment in the prior action, October 30, 2009.

216-17.

On or about January 11, 2012, a x-ray of Plaintiff's right knee was taken. The radiologist's report indicated "subtle changes of the right knee with no acute bone fracture or dislocation notes." It further stated, "If further evaluation of the soft tissue structures of the right knee is clinically, indicated, consideration for MRI would be suggested." *See* Ex. E [60-1] at 94.

On May 7, 2012, Plaintiff saw Dr. Michael Stonnington at Southern Bone and Joint Specialists, P.A. for right knee pain. After a physical examination and x-ray, Dr. Stonnington's conclusion was that he did not recommend surgical intervention. Plaintiff received an injection in his knee. Dr. Stonnington recommended that Plaintiff not take nonsteroidal anti-inflammatory medication, as "it sounds like he has had liver affects from this in the past." However, he noted that Plaintiff was taking Tylenol without any problems. Dr. Stonnington deferred all further treatment to his prison physician and noted that he would see him as needed. *See* Ex. E [60-1] at 229-31.

In his affidavit, Dr. Ron Woodall states that he is familiar with the MRI report from Forrest General Hospital, and he has not tampered with or changed the contents of the report. Dr. Woodall states that he is familiar with Plaintiff's treatment at SMCI and his records from Southern Bone & Joint Clinic, and that in his opinion, Plaintiff did not require additional surgery. In addition to the treatment outlined above, Dr. Woodall states that Plaintiff has been provided with various pain medications and anti-inflammatories, including Mobic, Ultram, Naproxyn, Ibuprofen, Toradol, and Solumedrol. Dr. Woodall opines that Plaintiff has received the necessary and appropriate treatment for all of his medical conditions for which he has made a complaint. *See* Ex. F to Motion [56-6].

Plaintiff has been treated for complaints of stomach pain, and his medications include

Tums, Prilosec, and Famotidine (Pepcid). Plaintiff has been treated for prostatitis; his medications include Cipro, an antibiotic, and Terazosin (Hytrin) and Cardura, both used to treat hypertension and improve urination in men with an enlarged prostrate. He has also been treated in the Chronic Care Clinic for Gastroesphogeal Reflux Disease (GERD). *See* Ex. F to Motion [56-6].

### *Dr. Woodall*

Based on the record, Plaintiff was provided treatment for his knee condition and related pain, his prostatitis, and other ailments. There is no evidence that Dr. Woodall or any other medical provider at SMCI denied Plaintiff medical care or ignored his complaints. Indeed, Plaintiff was seen by several outside specialists, and according to his most recent visit at Southern Bone and Joint Specialists, P.A. on May 7, 2012, Dr. Stonnington did not recommend surgical intervention. *See* Ex. E [60-1] at 229-31. While Plaintiff may disagree with the treatment he received, this does not amount to deliberate indifference. *See Norton*, 122 F.3d at 292. Moreover, other than Plaintiff's conclusory allegations, there is no evidence that Dr. Woodall altered or tampered with Plaintiff's May 5, 2011, MRI report.

Plaintiff's disagreement with the medications prescribed for his prostate condition does not amount to deliberate indifference. *See Norton*, 122 F.3d at 292. There is no evidence that Dr. Woodall deliberately prescribed the wrong medication for Plaintiff's prostatitis.

Further, there is no summary judgment evidence that the medication Dr. Woodall prescribed for Plaintiff's knee has caused him liver damage. While Dr. Stonnington recommended that Plaintiff not take nonsteroidal anti-inflammatory medication during his visit on May 7, 2012, it appears this recommendation was based on what Plaintiff told him; Dr. Stonnington noted, "it sounds like he has had liver affects from this in the past." *See* Ex. E [60-

1] at 229-31. Even assuming some of the medications prescribed by Dr. Woodall did affect Plaintiff's liver, there is no evidence that he deliberately prescribed a medication that he knew would adversely affect Plaintiff. Neither negligence nor medical malpractice amounts to deliberate indifference. *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir.2006) ("Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference ....").

### *Wexford*

Plaintiff alleges he sued Wexford because it is Dr. Woodall's employer and it is responsible for Dr. Woodall's actions. There is no respondeat superior liability under Section 1983. *Oliver v. Scott,* 276 F.3d 736, 742 & n.6 (5th Cir. 2002); *see also Powell v. Shopco Laurel Co.*, 678 F.2d 504, 505-06 (1982) (holding that plaintiff could not recover against private state-employed company under Section 1983 based on theory of respondeat superior). Further, Plaintiff has failed to demonstrate that Wexford affirmatively participated in any constitutional deprivation or implemented an unconstitutional policy. *See Mouille v. City of Live Oak, Tex*., 977 F.2d 924, 929 (5th Cir. 1992). Plaintiff's disagreement with his medical treatment does not amount to a constitutional violation. *See Norton*, 122 F.3d at 292; *see also McMahon*, 583 F.2d at 174 (holding that prisoners are not entitled to the "best" medical treatment available). Accordingly, Wexford is entitled to judgment as a matter of law on Plaintiff's claims for deliberate indifference to his serious medical needs.

### *Dr. Perry and Mike Hatten*

Plaintiff alleges that Gloria Perry, "upholds" Dr. Woodall's opinions and allows him to "falsify" medical records and deny inmates medical care. Plaintiff claims that Mike Hatten "upholds" Dr. Woodall's opinions even though he knows Dr. Woodall "falsified" Plaintiff's

9

medical records.

As stated above, there is no respondeat superior liability under Section 1983. *Oliver,* 276 F.3d at 742 & n.6. Moreover, according to their affidavits, Gloria Perry, as Chief Medical Officer of the MDOC Office of Medical Compliance, and Mike Hatten, as Health Services Administrator at SMCI, "have no responsibility and/or authority regarding decisions concerning course of medical treatment of individual inmates as such decisions are made by the onsite medical providers at each prison facility." Exs. A and B to Motion [53]. Their affidavits further state that they "have never allowed Dr. Ron Woodall to falsify medical records and deny inmates necessary medical care . . . ." *Id.* Other than Plaintiff's conclusory allegations, there is simply no evidence that Dr. Woodall altered or tampered with Plaintiff's May 5, 2011, MRI report and that Dr. Perry and Mr. Hatten had knowledge of same.

## CONCLUSION

Based on the foregoing, Defendants are entitled to judgment as a matter of law and this action should be dismissed.[5] Accordingly,

IT IS, THEREFORE, ORDERED:

That Defendants' Motions for Summary Judgment [53][56] are GRANTED and that this action is dismissed with prejudice. A separate judgment will be entered.

SO ORDERED this the 9th day of January, 2013.

            s/ Michael T. Parker
            United States Magistrate Judge

---

[5]Because the court concludes that there is no genuine issue as to whether Defendants violated Plaintiff's constitutional rights, it declines to address the arguments regarding qualified immunity.