**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**GARY DEWAYNE ALLEN**                                                              **PLAINTIFF**

**V.**                                                                   **Civil Action No.: 2:11cv209-MTP**

**DR. RON WOODALL, et al.**                                                        **DEFENDANTS**

## ORDER

THIS MATTER is before the court on the Motion to Reconsider [72] filed by Plaintiff. The court having considered the motion finds that it should be DENIED.

On January 9, 2013, this court entered a Memorandum Opinion and Order [69] granting Defendants' Motions for Summary Judgment [53][56] and entered a Final Judgment [70] dismissing this case with prejudice. Plaintiff has moved for reconsideration of the court's Order and Judgment.

This court enjoys the inherent power to "reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981). Generally, "motions to reconsider are analyzed under Rule 59(e) of the Federal Rules of Civil Procedure." *McDonald v. Entergy Operations, Inc.*, No. 5:03cv241BN, 2005 WL 1528611, at *1 (S.D. Miss. 2005). This court has "considerable discretion" in deciding whether to grant a motion for reconsideration. *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). However, granting a motion for reconsideration "is an extraordinary remedy and should be used sparingly." *In re Pequeno*, 240 Fed. App'x 634, 636 (5th Cir. 2007) (quoting *Templet v. HydroChem, Inc.*, 367 F.3d 473, 477 (5th Cir. 2004)).

A motion to reconsider is not "intended to give an unhappy litigant one additional chance to sway the judge[,]" *McDonald*, 2005 WL 1528611, at *1 (citations omitted), and its purpose "is

not to re-debate the merits of a particular motion." *W.C. Bulley v. Fidelity Financial Servs. Of Miss., Inc.*, No. 3:00cv522-BN, 2000 WL 1349184, at *3 (S.D. Miss. Sept. 8, 2000). Indeed, "[i]f a party is allowed to address a court's reasons as to why a motion was or was not granted, it would render the entire briefing process irrelevant and lead to endless motions to reconsider." *Id.* There are only three grounds for which this court may grant a motion for reconsideration: "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice." *W.C. Bulley*, 2000 WL 1349184, at *2 (citations omitted). If one of these three grounds is not present, the court must deny the motion. *Id.* at *3. Plaintiff has failed to demonstrate any of these grounds. Instead, he rehashes his previous arguments. Thus, the motion must be denied.

IT IS, THEREFORE, ORDERED that Plaintiff's Motion [72] to Reconsider is DENIED.

SO ORDERED this the 6th day of February, 2013.

                                                  s/ Michael T. Parker
                                                  United States Magistrate Judge